UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARTIN V. YANICK, JR.,

        Petitioner,

  v.                                             Case No. 22-cv-1214-pp

CLINTON BRYANT,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), SCREENING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On October 14, 2022, the petitioner, who is incarcerated at Oakhill Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2019 conviction in Waukesha County for operating a vehicle while intoxicated. Dkt. No. 1. Along with the petition, the petitioner filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. On October 31, 2022, the petitioner filed his trust fund account statement. Dkt. No. 6. This order grants the motion for leave to proceed without prepaying the filing fee, screens the petition and dismisses the case.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)**

There is a $5.00 for filing a *habeas* petition. 28 U.S.C. §1914(a). A court may authorize the commencement of a lawsuit without requiring the petitioner

1

to prepay the filing fee if the petitioner "submits an affidavit that includes a statement of all such assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). The petitioner's request indicates that he has does not have any assets. Id. at 2. His trust account statement shows that as of October 27, 2022, he had $5.88 in his regular account. Dkt. No. 6. The court will grant the petitioner's motion to proceed without prepaying the filing fee.

**II.    Rule 4 Screening**

　　A.    Background

The petition refers to State v. Yanick, Jr., Waukesha County Case No. 2018CF001803 (available at https://wcca.wicourts.gov). Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. The docket indicates that the State filed a criminal complaint against the petitioner on December 17, 2018. Id. On July 19, 2019, the petitioner pleaded no contest to violating Wis. Stat. §346.63(1)(a), OWI (10th or More). Id. On September 20, 2019, the state court sentenced the petitioner to seven years of initial confinement followed by five years of extended supervision. Id. The court entered a judgment of conviction on September 26, 2019. Id.

On November 1, 2019, the petitioner filed a notice of intent to pursue post-conviction relief. Id. On November 13, 2020, the state circuit court denied the motion for postconviction relief. On December 23, 2020, the petitioner filed a notice of appeal from the judgment of conviction and the denial of his postconviction post. Id. On February 8, 2021, the Wisconsin Court of Appeals

2

ordered the circuit court to decide the postconviction motion by written order, explaining that the circuit court's original denial of the motion had been signed by a senior administrative specialist in a letter. Id. On February 10, 2021, the circuit court denied the petitioner's postconviction motion by written order. Id.; dkt. no. 1-1 at 6. The court of appeals affirmed the circuit court's denial and affirmed the judgment of conviction on February 16, 2022. Id.; dkt. no. 1-1 at 7-9. The court of appeals denied the petitioner's motion for reconsideration on March 8, 2022. Id. On August 3, 2022, the Wisconsin Supreme Court denied the petition for review. Id.; dkt. no. 1-1 at 10.

    B.    <u>Standard</u>

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

3

the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

  C. Analysis

The petitioner raises one ground for relief, arguing that the application of Wis. Stat §346.65(2)(am)7 as a Class E felony penalty enhancer was unconstitutional. Dkt. No. 1 at 6. The petition does not explain what aspect of the law the petitioner believes is unconstitutional. The petition states:

> The Class E felony defined by Wis. Stat. 346.65(2)(am)7. is not a penalty enhancer. Absent the application of Wis. Stat. 346.65(2)(am)7. as a penalty enhancer, the underlying OWI charge under Wis. Stat. 346.63(1)(a) is not a crime. The criminal element, or facts necessary to convict the Class E felony, were not charged. When the State of Wisconsin charged [the petitioner] with violation of Wis. Stat. 346.63(1)(a) as a Class E felony by applying Wis. Stat. 346.65(2)(am)7. as a Class E felony penalty enhancer, this penalty scheme removed from the jury the facts necessary to convict a Class E felony. [The petitioner] was not charged with the facts necessary to convict a Class E felony. [The petitioner] was not found guilty beyond a reasonable doubt of the facts necessary to convict a Class E felony. The offense of OWI, as charged under Wis. Stat. 346.63(1)(a), is not a Class E felony. The only punishment available for a finding of guilt of the two elements of OWI under Wis. Stat. 346.63(1)(a) is a non-criminal forfeiture under Wis. Stat. 346.65(2)(am)1. Any increase in the classification of the charges under Wis. Stat. 346.65(2)(am)2. to 7., requires additional fact finding that goes beyond prior convictions for OWI. These facts include a pattern of behavior that has nothing to do with recidivism.

Id. at 6-7.

Wis. Stat. §346.63(a)(1) prohibits driving or operating a motor vehicle while under the influence.

> Wisconsin's OWI penalties escalate with each countable offense both in regard to the nature of the conviction and in regard to the monetary and confinement consequences. As a beginning, a first offense is a criminal forfeiture. Wis. Stat. § 346.65(2)(am). Second and third offenses are misdemeanors. § 346.65(2)(am)2. & 3. A fourth offense is a Class H felony. § 346.65(2)(am)4. The penalty continues to escalate until a tenth offense, which is a Class E felony. § 346.(2)(am)7.

City of Cedarburg v. Hansen, 390 Wis. 2d 109, 116 (Wis. 2020). Wis. Stat. §346.65(2)(am)7 says that for a tenth Operating While Intoxicated offense, a judge must impose a bifurcated sentence, of which the confinement portion shall not be less than four years.

5

In his brief in support of his petition, the petitioner argues that enhancing his sentence under Wis. Stat. §346.65(2)(am)(7) violated his Fifth and Sixth Amendment rights by permitting the judge to find by a preponderance of evidence the facts necessary to justify the enhancement. Dkt. No. 2 at 1-2. The petitioner argues that Apprendi v. New Jersey, 530 U.S. 466 (2000) required the State to charge the facts supporting the enhancement and to prove them to a jury beyond a reasonable doubt. Id. at 2, 4. He argues that the State "compelled the circuit court to convict the elements of the substantive OWI offense as if those elements alone were all that was needed for conviction of the elevated charges." Dkt. No. 2 at 1-2.

In Apprendi, the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. But the Supreme Court specifically excluded prior convictions from this ruling; the Court's holding says, "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. (emphasis added). See also Davies v. United States, 817 F.3d 319, 326 (7th Cir. 2016) ("criminal history findings are generally exempt from the *Apprendi v. New Jersey*, 530 U.S. 466 . . . (2000), line of precedents entitling a defendant to a formal charge and a trial on facts that expose him to harsher penalties.").

6

The petition and attached exhibits reveal that the state court applied Wis. Stat. §346.65(2)(am)(7) relying on the State's presentation at sentencing of the petitioner's nine prior OWI convictions. Dkt. No. 1-1 at 8. The Court of Appeals' decision, attached as an exhibit to the petition, indicates that at the sentencing, the petitioner's counsel acknowledged that this was the petitioner's tenth OWI conviction. Id. The petitioner does not argue that the state court erred in concluding that this was his tenth OWI. He argues only that the court's determination that this was his tenth OWI conviction required "additional fact finding." Apprendi and its progeny contradict this claim. The court will dismiss the petition.

### III.    Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists would debate (or for that matter, agree that) the petition should have been resolve in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because it believes that reasonable jurists could not debate the court's decision that the petitioner is not entitled to relief under 28 U.S.C. §2254.

### IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus.* Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability

Dated in Milwaukee, Wisconsin this 14th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**